is serious at all. Arguing on behalf of the Attorney is Brian Kornick and arguing on behalf of the Attorney is Brad Zahidi. Mr. Kornick, you may commence. Good morning. May it please the Court and Counsel. I'm Brian Kornick. I represent Shaw Environmental Inc., the plaintiff and appellate in this matter. Procedurally, Shaw entered into a contract for professional services with a client identified as Cowhey Materials in which the individual who executed the contract was Dennis Cowhey and indicated the capacity as president. The case proceeded to trial and the parties entered into a stipulation of fact which was presented to the trial court as the sole basis for the plaintiff's case. After considering the stipulation... Was it the sole basis for the plaintiff's case or the sole basis of the evidence to be presented? It was the sole basis of the plaintiff's case. Does it indicate that on the document? No, it does not. So are you adding something to the record that wasn't there? No. I think the record is clear that we presented the stipulation and then I rested my case on behalf of the plaintiff. What does the trial order say? It refers to a trial, does it not, based on stipulated facts? Correct. You're treating it as a trial? It was at the commencement of the trial and the facts that were presented on the plaintiff's behalf were stipulated facts. Is the standard of review as manifested in the evidence? It is, Your Honor. But with this, with a motion for directed finding on review, the court can only sustain that directed finding if all the evidence and all the inferences, when construed in favor of a nonmoving party, don't support the decision. How do we know there was a directed finding? There's nothing in the order that indicates that. There's nothing in the document that indicates that. How do we know there was a motion for directed finding? Do you have the judge's order there? I can't find my copy. I do. The judge's order indicates that this verdict comes after a trial. It does not indicate it comes pursuant to a directed verdict. That makes a monumental amount of difference to your burden here. Unless I can't find my copy. Both of you guys filed your briefs and said the strike would happen below as a directed verdict. Correct. The document we have says it was a trial. So what happened? It was a directed verdict at the close of the plaintiff's case at trial. You're telling me something that the record that we're bound by doesn't tell us. How does this happen? I never thought to scrutinize the order for reference to a directed verdict because there was never any dispute about that. Did you prepare the order? No, the court prepared the order. The court prepared the order? Yes. So the court perceived it had a trial? Correct. And did you review the order? I received the order, yes. Did you ever complain about the order? I did not. This is news to you right now? You didn't know that we had seen this order and we had a question about it? It's the first time that I think that anybody has thought about the distinction between the directed verdict because... You thought about the distinction because your argument is based on the distinction. Your argument... You have a different argument for this. Okay. All right. Was there anything prepared for this record, the bystander's report or transcript of the arguments of counsel or any factual findings by the court? No. No, the only factual findings of the court are set forth in the court's two-page opinion. Okay. So the crux of this case is whether or not Cowley Materials is properly considered an abbreviation of Cowley Materials and Fuel Company, which was an Illinois corporation. And the Business Corporations Act requires that any corporation must clearly state that it's a limited incorporated company, must have a corporate designation, and that shall be the name under which all the business of the corporation is transacted unless the corporation establishes an assumed name. So unless you're going to use the corporate name, that act requires that you have to establish an assumed name. And you can do that for convenience if you don't want to use the larger corporation name or for whatever reason you might choose. What if you assume that the plaintiff drew up the contract, correct? It was a form contract, and the words Cowley Materials were filled in by someone on Shaw's behalf. All right. So facially, you would consider it an assumed name since it didn't have the suffix which would indicate a corporation. Correct. It was two-fifths of the corporate name. And then when it was signed, it was signed by Cowley in common precedent. Yes. And what effect does that have with respect to that contract at that time? It doesn't have any effect in my opinion. Just looking at the contract, anybody looking at the contract at that time, third party, reasonable third party concern, it would concern Cowley Materials was an assumed name, and it would assume that Cowley signed it as a precedent of something, of Cowley Materials. Correct. And I think that he signed it as president of something begs the question, because Cowley Materials could have been an assumed name for a corporation. It could have been an LLC. It could have been a limited partnership or some other type of venture that would still have somebody acting as its president. So the fact that he signed it as president, I don't think established any basis for concluding that Shaw understood that Cowley Materials was an Illinois corporation. Who was the actual report prepared for? The 45-day report was prepared several months after this contract was executed. But who was it prepared for? It identifies the owner of the property as Cowley Materials and Fuel Company. So who's that? That is one of the Why wasn't it just prepared then for Cowley Materials? Because that's what your contract was for. That's what the Shaw contract was for, I'm sorry. At some point in the preparation of the work product of Shaw, Shaw identified the owner of the property as Cowley Materials and Fuel Company, and that was the name that was referenced in the 45-day report. Does the contract say it's supposed to be prepared for the owner of the property or for Cowley Materials? That the contract is prepared for Cowley Materials. Where in the actual 45-day report is that identified? It's not. Isn't the word Cowley Materials used from time to time in the report? In other words, Cowley Materials is used at points on some pages and Cowley Materials and Fuel Company is used on other pages. I believe that is the case. But the overall, I think the phase sheet shows that it's prepared for Cowley Materials and Fuel Company. Right. But in the course of the transaction between these parties, all the invoices, all the billing statements were sent to Cowley Materials and E. Dennis Cowley. And so we're all in agreement, both of us parties are in agreement, that you establish the contracting parties at the time of the contract. And there's no evidence that at the time of the contract anybody understood anything about the corporate status of Cowley Materials that was improper for the trial court to make the conclusion that the real target of the contract was Cowley Materials and Fuel Company. Because Cowley signed it as Cowley Common Precedent, does that make it ambiguous? I don't think so. And under the law, I don't think so. And in fact, I think if you look at the Hostin Chevrolet case, you've got a company that entered into a sales contract with Diamond Auto Construction, sent invoices to Diamond Auto Construction. At the time they entered into that contract, they knew, or they had been placed on notice, that Diamond Auto Construction was a corporation. And yet the appellate court, when reviewing whether or not the president, and he executed the contract, Diamond Auto Construction by so-and-so, the president, the appellate court said, it doesn't matter. You had to establish an assumed name if you were going to do business under anything other than the formal corporate name. And the court rejected the argument that even if the plaintiff knew that it was dealing with a corporation, that there would be no liability. And again, the... Didn't you know in the Diamond case, isn't there evidence that there is a business operating under Diamond Auto Construction? There's a bank account. There are some checks drawn on that bank account. So in that case, we have proof of two different entities. Yes. Do we have proof of two different entities here? Not in this record. Okay. So what was the purpose of submitting the list of other entities that have the word Cowley in its name? Which was part of the stipulated act. The purpose of that is to show that without identifying the specific corporate entity that is entering into the contract, it's impossible to make the assessment of what the corporate entity is that you're contracting with. So for example, there's Cowley Concrete. There's Cowley Atlas Concrete. And if the agreement said Cowley Concrete, who is the contracting party? The law says that if it's not a contract under the corporate name, then the party that entered the contract is personally liable. Did you attempt to establish any relationship between Atlas and Dennis Cowley and Cowley Materials and fuel companies? The... There is one corporate entity, Cowley Concrete, that has Dennis Cowley as its Did you establish... So you must have established that independent of your stipulated facts? No, I don't... That was not presented to the trial court. So it's not in the record? Correct. Okay. I mean, you answered her question. I'm not... Right. It was not in the record. So fundamentally, the question that comes up, who is responsible for identifying the corporate status of a contracting party? And whose burden is it to follow the corporate formalities? It's our position under the Business Corporation Act, the Assumed Names Act, that in cases that we cited, that if you want to isolate yourself from personal liability by using the corporate status, you have to follow the letter of those statutes. And use of a shortened name is analogous to use of an assumed name. You can only do that if you follow the appropriate assumed name establishment steps. Do you think it makes any difference to us, to the law, as to who primarily drafted this contract? I don't think it does in this case. I mean, certainly there are cases where contracts are construed against the drafters. But here, there was a proposal for work, and there was the contract itself that was tendered with the name Cowley Materials on it to Dennis Cowley for his review. So, I mean, when we're talking about the parties of the contract, I don't think there's any reason why that should be construed against Shaw simply by having filled in that name. Anything else? Not right now. Thank you. Our clock was missing, but we usually have a bell go off, so I don't know exactly how much time you've taken. But if you have nothing further, then we'll get the response. Okay. Yeah. Mr. Prendergast. Good morning, Your Honors. May it please the Court, Counsel. My name is Brad Prendergast. I'm here on behalf of Dennis Cowley. This is a matter in addressing Justice Hutchinson's first question. The trial commenced based upon a stipulation, the plaintiff rested. And at least mechanically, and I assume that Mr. Fornik and I both had the same impression, at least mechanically at the time that the plaintiff rested, I made a motion for a directive finding based upon the fact that they hadn't presented their case. The Court heard arguments on that motion, which were not transcribed. There was no court reporter in court. And upon hearing those arguments, took the matter under advisement. Later, about a month later, after that, the Court entered its order, which is Exhibit A and found on page 198 of the record. Did you ever look at that order to see what it said? Well, I mean, I did. Not in answer. I think your question is actually did I ever look at the order to see whether it said that the Court had granted a motion for a directive finding. You talked about there's a pretty big difference between a trial and a standard of review and a motion for summary judgment in a standard of review. Well, the difference is this is a trial. This is not a motion for summary judgment because this was not done based upon summary judgment. This was done based upon a stipulation that was contained. The plaintiff then, at that point in time, chose to present no further evidence beyond the stipulation and the plaintiff rested. So this was a trial. It's just that the defendant presented no evidence and made his motion for a directive finding prior to presenting any evidence. At that point in time, I mean, mechanically the Court, although this is not part of the record, mechanically the Court said that the judge would take the matter under advisement. And he essentially said there's no point in us having the defendant present its case if I'm going to grant your motion. So the matter was taken under advisement. The Court then did, in essence, grant the motion. Had the Court denied the motion, presumably Mr. Fornik and I had agreed, although we hadn't set a date, we had agreed that the defendant then would present its case. All right. So what's our standard of review for directive finding at this point in the case? I think the standard of review, it's a de novo review by this Court since it's essentially treated as a motion for a directive finding. That's mechanically what did occur, despite the fact that that's not obvious from the record here. And I would say it's not obvious from the docket entries either. It's not there either. I understand. The standard is a de novo review. In this case... So I think I understand you clearly. You're standing by what you wrote in your brief. You're very clear that you say in your brief the trial court granted the motion for directive finding. That's correct. And I believe both Mr. Fornik and I were clearly of that impression, although that's not what the judge, when he wrote his opinion, did not write the motion. Well, you can understand our confusion then. Yes, sir. Now, you two are in agreement on how we move forward. You're about to get to what I want to move you to is in your brief toward the end, you've got statements in there indicating, and I'm reading from page 7 of your brief, that the... Go ahead. At the top of page 7, there's a sentence that begins, The finder of fact, the trial court herein is entitled to draw reasonable inferences from the evidence presented. And on the next page that, under the conclusion, you've got a sentence, the third line down, each side is entitled to all reasonable inferences that can be drawn from the evidence. Now, I'm not sure... I guess I have a little different feeling of that. I don't think that each side is entitled to reasonable inferences. I think we go back to elsewhere in your brief where you say, is that the inferences have to be drawn in favor of the other side. The inferences in a motion for directed fighting would ordinarily be drawn against... I'm sorry? I said the inferences in a motion for directed fighting would be drawn against the non... or, excuse me, drawn in favor of the non-infering party. Right. That's certainly the case, but that doesn't mean that an inference, if it can be drawn, has to be drawn in a manner that would, in essence, twist logic or otherwise be abusive to the inference. It doesn't have to be drawn in such an extremely narrow manner. It can be drawn in a light most favorable to the non-moving party, but not necessarily the issue of twisting logic. In this instance, I mean, this is a situation where the plaintiff had proven, through its stipulation, only two of its prima facie points, and that is they proved the existence of a contract and they also proved performance. That was part of the stipulation that was entered into was to avoid having a trial on the issue of the contract or the performance since there was no dispute that they had, in fact, performed. And there was no dispute that there was a breach of the contract on the part of the client's side of the contract. There was no dispute between counsel and I and the court. However, what there was was a dispute as to who the client was and to whether that client was, in fact, Cowey Materials and Fuel Company or whether that was, in Mr. Fornik's opinion, E. Dennis Cowey. And as a result, we treated this case throughout the entirety as a question of whether or not liability attached to Mr. Cowey. It was never a question about performance. No, no, I understand all that. And the third element you say they didn't prove is that the contract was, well, they never attempted to prove that the name on the contract was the individual person. Actually, they did. I thought the name on the contract, the name that's printed on the document is what? Cowey Materials, right? The name printed on line two of the contract, which is on page 133 of the record, is Cowey Materials. That's what it says as to the client. I'll let you go where you want to go, but, I mean, my point is that now they have evidence that the name on the contract that's in evidence is Cowey Materials, and on my record there's no such entity. There is no legal entity known as Cowey Materials. There is no assumed name that I'm aware of for Cowey Materials. Okay, so their next step then is to say because of that, then they can go directly at the individual person. That's their position. That's their position, and like I said, that's a position that almost defies logic. Because? When you go to lunch later this afternoon, you may well go to McDonald's. I don't think necessarily that if you were having your conversation saying, I'm going to McDonald's, that you would now say, I'm going to McDonald's Corporation for lunch. No, the one I go to is a franchise. Okay, so I understand what you're saying. So in that instance, for the drafter of the contract, which is Shaw, or its predecessor as the case might be, for the drafter of the contract, knowing that Cowey Materials and fuel exists, taking the space that they have. Where do we have that in evidence that they know Cowey Materials and everything exists? Is that in the stipulated facts? That's not in the stipulated facts. It's not in the record. I didn't think you'd bring in after you lose the direct and verdict motion. It's in the record in the contract. They know of Cowey Materials. They know of that entity. There was no entity named Cowey Materials, I thought. There was no entity named Cowey Materials. As I said, there's an entity, Cowey Materials, that in common parlance in their business they utilized. And as a result in the common parlance in their business that they utilized, somebody walked away from a negotiation and prepared a written agreement that consisted of the professional services agreement. The person who walked away from that negotiation and then thus prepared that professional services agreement, prepared that professional services agreement under the name of Cowey Materials. So they walked away from the negotiation with that knowledge. That is obvious. I've got to go back to the stipulation. It's in there. There's stuff in there to the effect that they walked away from that knowing that there was, whatever you just said, that's in the stipulation. Yeah. Well, again, I don't think you have to draw an inference against that occurring. That's a reasonable inference to be drawn from the stipulation and from the document itself. And it comes in because, of course, the unsigned version, which is part of the record and part of the stipulation, as well as the signed version, shows that the filling in of Cowey Materials and the stipulation was done by Shaw. It was not done by Mr. Cowey. And as a result, Mr. Cowey wasn't the one who was now somehow misrepresenting the capacity that he was signing. He represented that he was the president. He was, in fact, the president of Cowey Materials and Fuel Company. And as a result, he was signing in his capacity. He was signing as an agent on behalf of the entity that he represented. And the moment he signed as the agent of the corporation that he represented, at that moment, Shaw was on notice of the fact that he was, in fact, an agent. And if there was some question that Shaw had at that moment in time, that he was, in fact, an agent, that would have been the time to be asking this question. Let me ask you a question. I asked your opponent. I wanted to know what he thought of the significance of who the record shows that who drafted this thing. Does the record say one party or the other drafted it or that they drafted it together? I believe the record, in fact, says that the agreement was drafted. It's in the stipulation. Well, even assuming it's in there, I asked him the significance of who drafted it. I know the significance of who drafts a contract between me and my insurance company for my car. I know the significance of the drafter in those contexts. Between two corporate entities, or between a corporate entity and an individual, as the case may turn out to be, I don't know, in the business world, I'm just not familiar that there's such a strong rule that, you know, ambiguities or whatever are, you know, construed against the drafter. I know that's in a consumer environment. Are you suggesting that that's true in the business transaction world as well? I think that the analysis of an ambiguity in the drafting of a contract is replete throughout all of corporate and case law. And so as a result of case law having that, there's no differential in the rule as to whether that applies between a consumer and not a business entity. There's not one case that would suggest that that's the case. So the ambiguity, if there is an ambiguity, and as I said, I don't think this is an ambiguity in that sense of it all. This is really just an abbreviation of the corporate name. It fits into the space. It actually fits into the space. There is no room in the space for somebody to write the rest of that corporate name out. And as a result, it was drafted by them, and the ambiguity as such should be construed against them. Why can't E. Dennis Cowie, President, indicate that he's President of Cowie Materials? You said it indicates that he's an agent of something. Is he an agent of Cowie Materials or Cowie Materials and Fuel? It could. It doesn't. It's in the same. Well, that's a little ambiguous. It's in the exact same fashion as the other signature for engineering solutions. Engineering solutions, it's signed, and it merely says underneath that for title, director. It doesn't say director of engineering solutions. It just says director. So when you follow the format that is being handed to you and you're looking to the left and signing exactly what your title is, there is no entity, as we discussed, that would be a separate entity known as Cowie Materials. Cowie Materials and Cowie Materials and Fuel are one in the same. So he was President of that entity. The court comes to a conclusion, at least in the order, that Cowie Materials is an abbreviation. How does it come to that conclusion? We don't know what you argue, because we don't have a bystander's report of what you argue. It does, in fact, come to that conclusion outside the record based upon the arguments that were presented. I mean, those arguments are not part of this record, but it does, in fact, come to that conclusion based upon the arguments that were presented. It also comes to that conclusion, presumably, which is also part of the record, although I can't tell you the citation for it. It comes to that conclusion from the motion to dismiss the case initially, which was also part of the record. So there was an affidavit that was filed as part of the motion to dismiss that would indicate that Mr. Cowie was seeking to have the matter dismissed as to him. It could proceed as to Cowie Materials and fueled it not as to him. Depending on how the court ruled, what was the plans of the attorneys, if the court had ruled one way versus the other way, regarding additional evidence being introduced? Mr. Fornick and I and the court had, there was colloquy off the record that had indicated that if the court was going to rule in favor of the plaintiff on the motion for the directed finding, that the court would then give the defendant an opportunity to present its evidence. And rather than presenting the evidence that day and taking the time for the presentation of any evidence on behalf of the defendant, the court took the matter under advisement on the motion. So even though there's nothing that's part of the record, this was solely a motion at the close of the plaintiff's case. That's correct. And even though the other party elected to present no evidence, it would not be a motion at the close of all the evidence. This was a motion at the close of the plaintiff's case, not a motion at the close of all the evidence with the defendant having made the election, as you just described. All right. Your time is up. If you have a few more comments, please. I'm fine. Thank you. In terms of the personal liability, the Assumed Names Act does specifically provide that if you don't properly establish an assumed name, the designated owner of that company is personally liable. Justice Hutchinson asked the question, couldn't Dennis Cowie have been the president of Cowie Materials and not Cowie Materials and Fuel Company? That is the crux of our position, that if there was a contracting business entity, that it was Cowie Materials. There is no law that we've seen that was presented to the court in any document that allows a corporation to abbreviate its corporate name. And particularly when you abbreviate that name and you take out the statutorily mandated references to Inc., Corporation, or Limited, you've defeated the purpose of the Business Corporation Act requirements without following the Assumed Names Statute. Now, these are two businesses in an arm's length transaction. There's no basis for the court to have concluded that Cowie Materials was intended to refer to Cowie Materials and Fuel Company. Engineering Solutions, according to the 45-day report, is a division of Fluid Management and Environment Incorporated. Is that anywhere noted in the contract? We'd have to look at the contract. But the contract does clearly identify the... Well, it says Engineering Solutions. Oh, it does? In the very beginning it says Engineering Solutions. And under the Assumed Names Act, there is a provision by which you can establish a division of a corporation without having it incorporated or without using Corporation, as long as you clearly also identify the corporate status of the parent company. Here's a problem. In my mind, if Cowie Materials and Fuel is the corporate entity that Mr. Cowie is the president of, and Cowie Materials is not actually doing any business, how can they be an assumed name for somebody? Does this contract on its face indicate that they are a company doing business? Is that your assumption? No. I think the contract is silent as to what the nature of Cowie Materials is. But you're saying it's an inappropriate assumed name. If Cowie Materials was intended to be used in place of Cowie Materials and Fuel Company, Inc., it could only have been used that way by being established under the assumed name statute. So with counsel's argument that this really was Cowie Materials and Fuel Company, that's why I argue that it's an improperly established assumed name. But in any event, there is nothing in the record which establishes any knowledge on the part of Shaw of the corporate status of Cowie Materials and Fuel Company or Cowie Materials. Well, your point is if it's an improperly assumed name, then there's individual liability. Correct. Or if it's not a corporation at all, if it's a sole proprietorship or a partnership, a joint venture, there's still a personal liability. And the contract, the face of the contract connects Cowie and Cowie Materials. The individual Cowie. The individual Cowie. Yes. Yes. And there's no doubt it's an improper assumed name if it is an assumed name. Correct. It's not properly registered under the assumed name you're registering. And there's nothing in the Business Corporation Act, the Assumed Names Act or any of the case law that I cited, and counsel cited no case law on this issue at all, which allows an abbreviation of the corporate name. And, again, particularly where you take out any reference to a corporate status that's required by the Business Corporation Act. Do you agree with the court's decision that Cowie Materials was a shortened name for the corporation? I absolutely do not. There's no basis to make that conclusion. That was simply a statement, an argument made by counsel. I never agreed to it. You're tying yourself to have anything additional. Thank you for your time this morning. We respectfully request that this case be remanded to trial. The case is taken under advisory.